IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TRACI GOCHETT )
)
v. ) NO. 3-16-1844
) JUDGE TRAUGER
MILLER HELPERS INC. d/b/a )
SENIOR HELPERS, et al. )

MEMORANDUM

Pending before the court is Defendants' Renewed Partial Motion to Dismiss (Docket No. 31). For the reasons stated herein, Defendants' Motion will be granted.

INTRODUCTION

Plaintiff's First Amended Complaint alleges that Plaintiff was employed by Defendant Senior Helpers, a provider of non-medical, home-based assistance and general care for older adults. Plaintiff alleges that Defendants discriminated against her because of her race, created and sustained a racially hostile work environment, fired her in retaliation for her objections to Defendants' unlawful and discriminatory employment practices, and conspired to interfere with her civil rights. Plaintiff claims that Defendants have violated Title VII (42 U.S.C. § 2000e, *et seq.*), the Tennessee Human Rights Act (Tenn. Code Ann. § 4-21-101, *et seq.*), 42 U.S.C. § 1981, and 42 U.S.C. § 1985(2).

Defendants have moved to dismiss only Plaintiff's conspiracy claim under 42 U.S.C. § 1985(2) for failure to state a claim.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## SECTION 1985(2)

Plaintiff's First Amended Complaint alleges that Defendants violated Section 1985(2) by way of a March 2, 2015 letter to her in which Defendants threatened to bring legal action against her for failure to return certain confidential information. Defendants argue that Plaintiff has failed to plead that Defendants obstructed the course of justice in state court such that they are liable under Section 1985(2). Plaintiff contends that she is not required to allege a pending state proceeding in order to state a claim under Section 1985(2).

Plaintiff asserts that she specifically pled her claim under the second prong of Section 1985(2). That section provides, in relevant part, that a party may recover damages where:

> two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2).

This second clause of Section 1985(2) applies to conspiracies to obstruct the course of justice in state courts.[1] *Kush v. Rutledge*, 103 S.Ct. 1483, 1487 (1983); *Smith v. Breen*, 2010 WL 2557447 at * 15 (W.D. Tenn. June 21, 2010); *Green v. Tenn. Dept. of Human* Servs., 2008 WL 2074113 at * 9 (M.D. Tenn. May 14, 2008); *Bragg v. Madison*, 20 Fed. Appx. 278, 285 (6th Cir. 2001); *Was v. Young*, 796 F.Supp. 1041, 1053 (E.D. Mich. 1992). Under this second clause, there must also be some racial or otherwise class-based discriminating animus behind the conspirators' actions. *Smith* at 15; *Willing v. Lake Orion Community Schools Bd. of Trustees*, 924 F.Supp. 815, 818 (E.D. Mich. 1996). The second prong of Section 1985(2) focuses on the deprivation of equal protection of the laws with respect to state court judicial proceedings. *Norris v. Growse*, 2010 WL 2557769 at * 10 (E.D. Ky. June 22, 2010).

Plaintiff attempts to distinguish the facts of these cases upon which Defendants rely. The court is not persuaded by these alleged distinctions, however, because the rule of law - - that the second clause of Section 1985(2) applies to conspiracies to obstruct the course of justice in state courts - - is not changed. Plaintiff has not pled that Defendants conspired to obstruct the course of justice in state court. Plaintiff alleges that Defendants threatened (but never initiated) legal action against her. Despite pleading racially-based interference with the equal protection of the laws, Plaintiff has failed to plead that Defendants conspired "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory."[2]

---

[1] The first clause of this subsection of the statute relates to conspiracies to interfere with the administration of justice in federal courts. 42 U.S.C. § 1985(2); *Was v. Young*, 796 F.Supp. 1041, 1053 (E.D. Mich. 1992).

[2] Plaintiff also asserts, in her Response, that the purpose of Defendants' conspiracy was to deter her from bringing this action, and this action is not a state court proceeding.

3

CONCLUSION

For this reason, Defendants' Renewed Partial Motion to Dismiss (Docket No. 31) is GRANTED, and Plaintiff's claims under 42 U.S.C. § 1985(2) are DISMISSED.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE